# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL FENTON,<br>DEBRA SILVERBERG,<br>NEIL COFFMAN, JOHN PALISOC,<br>STEPHEN DAVIS, BARRY FRANCIS,<br>WENDY GARDNER, ELLIOT HANSEN,<br>JENNIFER INOUYE-CLARK,<br>NANCY KEECH-BROWN,<br>DIANA KENNEDY, MICHAEL KOSHI,<br>THOMAS KOSKI, GREGORY MINICK,<br>THOMAS NIBLACK,<br>LAURIE PITTMAN,<br>RANDY ROWLAND,<br>MARK STEFFENS,<br>WILLIAM THOMPSON,<br>BELINDA TOLEDO, and<br>STEPHANIE WINTHROP, and on behalf<br>of others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>                      Defendant. | Civil No. 07-4864 (JRT/FLN)<br><br><br><br><br><br><br><br>**ORDER DENYING MOTION FOR<br>CERTIFICATION OF<br>INTERLOCUTORY APPEAL AND<br>FOR STAY** |

Matthew H. Morgan, Donald H. Nichols, and Paul J. Lukas, **NICHOLS KASTER, PLLP,** 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402-2242, for plaintiffs.

George E. Preonas and Andrew M. Paley, **SEYFARTH SHAW LLP,** 2029 Century Park East, Los Angeles, CA 90067; Jonathan P. Norrie and Frederick E. Finch, **BASSFORD REMELE, PA,** 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707, for defendant.

Farmers Insurance Exchange ("FIE") employs special investigators who investigate potentially fraudulent insurance claims. A group of special investigators filed suit against their employer, FIE, alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime. On September 29, 2009, this Court granted in part, deferred in part, and denied in part cross-motions for summary judgment. On November 11, 2009, FIE filed a motion requesting that the Court certify the September 29, 2009, order for immediate appeal pursuant to 28 U.S.C. § 1292(b) and to stay the proceedings pending appeal. For the reasons discussed below, the Court denies FIE's motion for certification of interlocutory appeal and for stay.

## BACKGROUND

In its order on September 29, 2009, this Court determined that the FIE special investigators did not qualify for the FLSA administrative exemption under the regulations promulgated by the Secretary of Labor. This Court considered the Quality Assurance ("QA") guidelines that FIE gives to the investigators, testimony on how the guidelines are used, and the remainder of the record. This Court granted the Plaintiffs' motion for summary judgment on the issue of the exemption, finding that they are not exempt from the overtime requirements of the FLSA and California law.

## ANALYSIS

FIE argues that the Court should amend its September 29, 2009, order to include a certificate of appeal for interlocutory appeal under the collateral order exception. 28 U.S.C. § 1292(b). FIE contends that interlocutory appellate review of the order is appropriate to resolve a split within the district courts and to obtain direction from the

appellate court to determine whether the Plaintiffs qualify for the administrative exemption. (Def.'s Mem. in Supp. of Mot. to Certify Order for Interlocutory Appeal and for Stay at 2, Docket No. 149.) Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C § 1292(b). A party seeking an interlocutory appeal must therefore establish that (1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3rd Cir. 1974). A motion for certification of interlocutory appeal is "to be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F. 3d 374, 376 (8th Cir. 1994).

## I. CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

There is not a controlling question of law as to which there is a substantial ground for difference of opinion. FIE seeks an interlocutory appeal on a question of fact, not a question of law. Even if a question of law existed, there is no substantial ground for difference of opinion as to that question. The Secretary of Labor has defined the scope of the exemptions and the factors relevant to a determination of eligibility under the FLSA. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.201.

In order for the Court to certify an order for an interlocutory appeal, there must be a controlling question of law, not merely a question of fact. *Munn v. Kraft Foods Global, Inc.*, 455 F. Supp. 2d 939, 940-41 (S.D. Iowa 2006). FIE argues that the controlling questions of law are whether the special investigators meet the administrative exemption of the FLSA and whether the special investigators have discretion and independent decision-making authority under FIE's QA guidelines. (Def.'s Mem. in Supp. of Mot. at 4-5, Docket No. 149.) FIE has failed to identify a question of law with which it takes issue. Rather, FIE seems to dispute the Court's fact-intensive determination of eligibility for the administrative exemption. The Court applied the relevant factors to determine whether the special investigators qualify for the exemption and it determined that they did not qualify.

Even if the Court found a "controlling question of law," there is no substantial ground for difference of opinion as to that question. The legal standards are well-established and FIE has not established a difference of opinion among courts relating to the eligibility analysis. Courts have routinely used the factors as given by 29 U.S.C. § 213(a)(1), and 29 C.F.R. § 541.201. *See, e.g.*, *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 999-1000 (8th Cir. 2003); *Keef v. M.A. Mortenson Co.*, No. 07-CV-3915, 2009 WL 465030, at *2 (D. Minn. Feb. 24, 2009); *see also Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 535-36 (7th Cir. 1999); *Ferrell v. Gwinnett County Bd. of Educ.*, 481 F. Supp. 2d 1338, 1343 (N.D. Ga. 2007).

## II. MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF LITIGATION

Further, an interlocutory appeal would not materially advance the ultimate termination of this litigation. *See* 28 U.S.C. § 1292(b). FIE contends that trial would impose unnecessary costs on the parties. (Def.'s Mem. in Supp. of Mot. at 17, Docket No. 149.) FIE also contends that if the liability determination is later reversed, the parties will incur further costs on appeal. (*Id.*) The Court may find that certification of an interlocutory appeal would be appropriate if there would be a great amount of time and expense required to proceed with litigation in comparison with the time and expense of staying the proceedings and pursuing an immediate appeal. *Saunders v. Ace Mortgage Funding, Inc.*, No. 05-1437, 2007 WL 2008677, at *3 (D. Minn. July 6, 2007). The Court concludes, however, that the delay FIE will face from the denial of the motion for a certificate of appeal will be minimal, because the only remaining issue for trial is damages, and the parties have only six more depositions to conduct before they will be ready for trial. *Cf. id.*

### ORDER

Based upon the foregoing, and all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Farmers Insurance Exchange's Motion to Certify Order for Interlocutory Appeal and for Stay [Docket No. 149] is DENIED.

DATED: March 16, 2010
at Minneapolis, Minnesota.

\_\_\_\_s/ John R. Tunheim\_\_\_\_
JOHN R. TUNHEIM
United States District Judge